BREWINGTON et al., Appellants, v. BREWINGTON
et al., Respondents.

St. Louis Court of Appeals, February 21, 1905.

JURISDICTION: Title to Land Involved. Where the question at
issue was whether minor children were entitled to retain and
occupy a homestead until they become of age, although the
value of the property had increased after the setting apart of
the homestead so that it exceeded $1,500, or whether it should
be sold and $1,500 set apart for the minors and the remainder
divided among the owners in fee, was a question so far in-
volving or affecting the title to real estate that the court of
appeals would not assume jurisdiction.

Appeal from Madison Circuit Court.—*Hon. Robert A.
Anthony*, Judge.

TRANSFERRED TO THE SUPREME COURT.

*E. D. Anthony* for appellants.

*J. H. Chitwood, H. Clay Marsh* and *David M.
Tesreau* for respondents.

PER CURIAM.—This is a suit in partition, the
parties being the descendants of W. P. Brewington, de-
ceased. The common ancestor died prior to 1895, and
during the year commissioners appointed by the pro-
bate court of Madison county set apart to his widow
and minor children a portion of the land in controversy
as a homestead. The homestead set off by the commis-
sioners did not exceed 160 acres in quantity and was
found by them not to exceed the sum of $1,500 in value.
The action of the commissioners appears to have been
approved by the probate court and acquiesced in by the
parties in interest. This partition suit was brought in
1903, eight years later. Meanwhile the homestead has
risen in value until it is worth $2,500 or $3,000. The
matter controverted by the parties to this action is the

right of the minor children of W. P. Brewington to retain the homestead notwithstanding its increase in value until they reach their majorities. The appellants insist that it ought to be sold, $1,500 of the proceeds invested for the use of the minor children and the balance divided among all the owners of the fee; whereas, it is insisted by counsel for the minor children that they have a right to retain and occupy the homestead until they are of full age, and the lower court so decided. All the lands in controversy are divided into three parts or farms, designated as tracts Nos. 1, 2 and 3. The homestead consists of parts of tracts 2 and 3, and the circuit court having ruled that it was not subject to sale for partition purposes, ruled further that the remainder of those tracts could not be partitioned in kind or sold without prejudice to the rights of all concerned, and, therefore, refused to adjudge partition of them. Tract No. 1 was ordered sold and the proceeds divided. All the rulings of the court appear to have been made with the consent of the parties, except the ruling that the homestead was not subject to sale until the minors came of age. With the suit in this posture, our jurisdiction is questioned on the ground that the title to real estate is involved. This is a point about which we are uncertain, but incline to the view that title is so far involved or affected that the case ought to be transferred to the Supreme Court as probably the tribunal having jurisdiction of it, This homestead is an estate vested by statute in the minor children. [Tiedeman, Real Prop. (2 Ed.), sec. 55.] We have in dispute the title of the minor children to the estate, they claiming that their title is good to the entire 160 acres until they are of age, no matter what the value of the tract; whereas, their adversaries assert that by reason of the increased value of the estate their title may be disposed of by a present sale. The cause is, therefore, transferred to the Supreme Court. It is so ordered. All concur.